IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDRE BELL,

      Plaintiff,

v.                                                                    Case No.  24-2158-JWB

T-MOBILE USA, INC.

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss Count IV of the complaint for failure to state a claim. (Doc. 4.)  The motion is fully briefed and ripe for decision.  (Doc. 5, 9, 10.)  The motion is granted for the reasons stated herein.

## I.    Facts

The following brief recitation facts are taken from the Complaint.  (Doc. 1.)  Plaintiff, Andre Bell, worked for Defendant from May 2021 to January 2023.  (*Id.* ¶ 13.)  In his roll with the company, he worked as a Mobile Expert and was working towards a promotion to supervisor.  (*Id.* ¶¶ 14-16.)  Nevertheless, Plaintiff suffers from seizures, which is a disability that causes Plaintiff to lose consciousness and limits his major life activities.  (*Id.* ¶¶ 19-21.)  In January 2021, Plaintiff had a seizure and submitted a doctor's note.  (*Id.* ¶¶ 26-27.)  Although Plaintiff notified Defendant, Defendant failed to accommodate the disability or engage in an interactive process to discuss accommodations.  (*Id.* ¶¶ 28-31.)  In August 2022, Plaintiff experienced two separate seizures and informed the Defendant that he would not be able to work after each one.  (*Id.* ¶¶ 32-38.)  In response, Plaintiff was told that he was going to be subjected to a disciplinary write-up.  (*Id.* ¶¶ 39, 44.)  The write-up also included discipline for Plaintiff missing other work days due to his

sleep apnea. (*Id.* ¶ 45.) When Plaintiff objected to the discipline, he was informed that he had to prove his disability through a third-party system, Broadspire. (*Id.* ¶ 53.) Plaintiff alleges that Broadspire never sent the required paperwork to his doctor's office (*Id.* ¶¶ 55-56), but Plaintiff was told by Defendant that even if he had used the Broadspire system, his discipline would not be retracted. (*Id.* ¶ 59.) In the following months, Plaintiff was subjected to additional discipline and ultimately fired. (*Id.* ¶¶ 60-63.)

Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") in July 2023, and received his Notice of Right to Sue in January 2024. (*Id.* ¶¶ 7-8.) Plaintiff then filed this present action on April 22, 2024, alleging various violations of the Americans with Disabilities Act ("ADA"), *see* 42 U.S.C. § 12101, and Family and Medical Leave Act ("FMLA"), *see* 29 U.S.C. § 2601. Defendant filed a motion to dismiss Count IV of the complaint, which alleges a violation of the ADA for a failure to engage in an interactive process.

## II.     Standard

In order to withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City*

*of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).    Rule 12(b)(6) "does not require that Plaintiff establish a prima facie case in [its] complaint, but rather requires only that the Plaintiff allege enough factual allegations in the complaint to set forth a plausible claim." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1171–72 (10th Cir. 2015) (internal citations omitted).    In the end, the issue is not whether Plaintiff will ultimately prevail, but whether Plaintiff is entitled to offer evidence to support her claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

## III.    Analysis

Defendant moves to dismiss Count IV of the complaint because the Tenth Circuit does not recognize a separate cause of action under the ADA for failing to engage in an interactive process when an employer is notified of a disability.    Generally, an employer can incur liability under the ADA for failing to accommodate an employee's disability.    42 U.S.C. § 12112(b)(5)(A).    Under this Act, the employee must request a "plausibly reasonable accommodation." *Punt v. Kelly Servs.*, 862 F.3d 1040, 1050 (10th Cir. 2017).    "When an employee requests an accommodation for a qualifying disability, the Americans with Disabilities Act requires employers to participate in an 'interactive process' with the employee to determine a mutually suitable accommodation . . . But the failure to engage in an interactive process is not independently actionable under the Act." *Brigham v. Frontier Airlines, Inc.*, 57 F.4th 1194, 1201 (10th Cir. 2023).    *See also Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1207 n.29 (10th Cir. 2018) ("[O]ur case law is clear that an employee cannot maintain a failure to accommodate claim based solely on an employee's failure to engage in the interactive process.").

Although Plaintiff can use Defendant's alleged failure to engage in an interactive process in Plaintiff's failure to accommodate ADA claim (here, Claim III), there is no grounds for Plaintiff to plead an independent failure to engage in an interactive process claim under the ADA.    *Burr v.*

3

*T-Mobile USA, Inc.*, No. 23-2524-DDC-BGS, 2024 WL 3413805, at *3 (D. Kan. July 15, 2024).

As a result, Defendant's motion to dismiss Count IV of the complaint is granted.

## IV.    Conclusion

Defendant's motion to dismiss Count IV of the complaint for failure to state a claim is

GRANTED.  Count IV of the complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.  Dated this 1st day of November, 2024.

___ s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE
